IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID J. ANNARELLI, <br>     Petitioner, <br><br> v. <br><br> HAROLD W. CLARKE, DIRECTOR, <br>     Respondent. | Civil Action No. 7:20-cv-00025 <br><br> By: Elizabeth K. Dillon <br>     United States District Judge |

**MEMORANDUM OPINION**

Petitioner David J. Annarelli, a Virginia inmate proceeding *pro se*, has filed a document captioned "Writ of Error Coram Nobis," alleging numerous factual errors in representations made by the prosecutor to the Floyd County Circuit Court that were accepted as a factual basis for Annarelli's guilty plea and 2017 conviction for malicious wounding of a law enforcement officer in violation of Virginia Code § 18.2-51.1.  Annarelli seeks to set aside his state sentence and withdraw his guilty plea, among other items of relief sought.  For the reasons set forth below, however, this matter cannot proceed as a writ of coram nobis.  Nor can it proceed as a habeas corpus petition because he has already filed a habeas corpus petition in this matter pursuant to 28 U.S.C. § 2254, and subsequent petitions may not be filed without authorization from the Fourth Circuit Court of Appeals.  28 U.S.C. § 2244(b)(2)-(3).  Accordingly, Annarelli's latest petition must also be dismissed.

I.  BACKGROUND

The factual background that was stipulated at Annarelli's plea hearing was explained in detail in this court's prior opinion of March 29, 2021, and the court will not repeat it here.  After the sentencing hearing, the trial court sentenced Annarelli to 20 years in prison, with five years suspended, conditioned on completion of five years of probation.  After exhausting his direct

appeals, Annarelli filed a state habeas action, which was denied. He then filed a petition in this court under 28 U.S.C. § 2254, which the court was constrained to deny because of the strict limits placed on federal habeas courts reviewing state convictions. As indicated in the earlier opinion, this court is required by law to accord a presumption of correctness to facts determined by the state court. 28 U.S.C. § 2254(e)(1). A petitioner can overcome that presumption only by clear and convincing evidence. *Id.*

In the context of a federal habeas case, the court cannot grant relief if the state court has already decided the issue adversely to the petitioner unless the state court's decision was contrary to Supreme Court law or an unreasonable determination of facts. The Supreme Court has emphasized that a federal habeas court cannot overturn a state conviction just because the federal court may believe that the state's decision was incorrect; rather, the decision must be unreasonable, which requires more than merely being incorrect. *Knowles v. Mirazayance,* 556 U.S. 111, 123 (2009). These limitations on the court's authority were explained in the prior opinion, but it seems that Annarelli does not understand the limits of the court's authority.

Annarelli filed an appeal from this court's earlier decision, but he failed to pursue it, and the appeal was dismissed by the Fourth Circuit Court of Appeals for lack of prosecution. *Annarelli v. Clarke*, No. 21-6516 (4th Cir. June 24, 2021). Instead of pursuing his appeal, Annarelli filed two petitions for habeas corpus under 28 U.S.C. § 2241. In both cases (No. 7:21-cv-00337 and No. 7:21-cv-00356), he challenged the validity of the same Floyd County Circuit Court conviction at issue in the present case. As the court is required to do, the court construed the petitions as successive habeas petitions that can only be filed in the district court with permission from the Fourth Circuit Court of Appeals. By order entered on July 8, 2021, both petitions were dismissed without prejudice.

Within a week of the prior dismissal orders, Annarelli has now filed a writ of error coram nobis.

## II.  DISCUSSION

At the outset, a writ of error coram nobis is not available to Annarelli in this matter. The ancient writ of coram nobis was available at common law to correct errors of fact affecting the validity and regularity of a judgment, either civil or criminal. *United States v. Morgan*, 346 U.S. 502, 507 (1954). The United States Congress has not specifically authorized the writ in any statute, but the Court has held that the all-writs statute, 28 U.S.C. § 1651(a), gives federal courts the power to use coram nobis in limited circumstances. *Id.* Enacting Rule 60(b)[1] of the Federal Rules of Civil Procedure, Congress expressly abolished the writ of error coram nobis in civil cases. Habeas corpus proceedings are classified as civil cases. *Fisher v. Baker*, 203 U.S. 174, 181 (1906); Rules Governing § 2254 Cases, R. 12. Accordingly, federal courts have no authority to grant coram nobis relief in a habeas case.

In a criminal case, the Supreme Court has noted that a writ of error coram nobis is another step in the criminal case, not like habeas corpus, where relief is sought in a separate civil case. *Morgan*, 346 U.S. at 505 n.4. For this reason, Rule 60(b) does not apply in criminal cases. The writ allows a court to correct *its own* judgment if based on a fundamental error of fact. *Id.* at 507 n.9. The criminal judgment against Annarelli was entered by the state court, not this federal court. The writ of error coram nobis in federal court is not available to correct facts in the state court judgment.

Essentially, Annarelli's claim is an effort to get relief from the state court judgment against him from Floyd County Circuit Court. Such claims are, in substance, an application for

---

[1] Later revision of the rules moved this provision to Fed. R. Civ. P. 60(e).

3

habeas corpus under 28 U.S.C. § 2254. *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). Annarelli has already filed a § 2254 petition, which has been resolved on the merits. As such, he cannot file another habeas petition without following the procedures set forth in 28 U.S.C. § 2244(b) for successive petitions.

### III.  CONCLUSION

For the reasons stated herein, Annarelli's motion for writ of error coram nobis will be denied and dismissed for lack of jurisdiction. The court cannot construe his motion as a habeas petition under § 2254 because it would be a second or subsequent petition.

Further, concluding that Annarelli has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability will be denied.

An appropriate order will be entered this day.

Entered: October 4, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge